UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES PASCHALL,

    Plaintiff,

vs.                                                      No. 20-cv-221 WJ/GBW

CAPTAIN JAMES FRIETZ, OFFICER JACQUELINE
HERNANDEZ, and NEW MEXICO STATE POLICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND,
DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND DENYING
WITHOUT PREJUDICE DEFENDANTS' REQUEST FOR FEES**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand, filed April 7, 2020 (**Doc. 10**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is denied.

## BACKGROUND

On July 26, 2019, Plaintiff filed a complaint in the Third Judicial District Court, County of Dona Ana in Las Cruces, New Mexico, alleging that Defendants violated his rights under "the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New Mexico." Doc. 1-1 ("the Complaint"). Defendants removed the case to federal court on March 11, 2020 based on federal question jurisdiction.

The Complaint describes a rather strange turn of events. Plaintiff alleges that on July 25, 2017, he showed up for an appointment he had made with the New Mexico State Police ("NMSP") office in Las Cruces for a "level 3 VIN inspection" as part of registration renewal for a 2007 Ford F-450 truck, as directed by the New Mexico Department of Motor Vehicles office in Las Cruces.

Plaintiff claims that Defendants falsely imprisoned him by preventing him from leaving the station for eight hours even after he presented all the necessary documentation to the officers proving that he was the bona fide purchaser of the truck. Compl., ¶¶ 9-16. Plaintiff was eventually told he was free to go but that his truck had to stay another 72 hours, after which he could return to retrieve the vehicle. When Plaintiff returned for the truck, Defendant Frietz told him he was keeping the truck "for his department" and that Plaintiff would "never see his vehicle again." Compl. ¶¶ 16-18. Defendants allowed Plaintiff to drive the Ford back to his home to unload his personal belongings from the truck. Defendant Hernandez and other officers, wearing New Mexico State Police uniforms and driving marked patrol units, drove with Plaintiff to his residence located in El Paso, Texas. Hernandez entered Plaintiff's residence without his consent and used her lapel camera to record scenes from inside the home. Plaintiff asserts that Hernandez and her colleagues were operating outside of their jurisdiction. Compl., ¶2.

Plaintiff seeks remand of the case on the ground that all parties had actual notice by October 24, 2019 and so Defendant's removal on March 11, 2020 is untimely under the 30-day window for removal under 28 U.S.C. §1446(b)(1). Defendants contend that Plaintiff failed to complete service on all three Defendants until February 10, 2020 and thus removal on March 11, 2020 was timely.

## DISCUSSION

"[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997). Under Section 1446(b)(1), Title 28, United States Code:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

An untimely removal notice constitutes a defect in removal procedure warranting remand. *McShares, Inc.*, 979 F. Supp. at 1341.

In the past, courts have held that formal service was not required to begin the 30–day period. *Furness v. Mills*, No. 2:12-CV-00256 DN, 2013 WL 3995258, at *1 (D. Utah Aug. 5, 2013), *as corrected* (Aug. 9, 2013). However, in *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* the United States Supreme Court stated unambiguously that the thirty day time limit for removal does not begin to run until after formal service of the complaint is made, despite the plain language of the statute ("through service or otherwise").  526 U.S. 344, 351 (1999).[1]  In that case, the court held that a defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. 526 U.S. at 348 ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").

**I**     **Removal is Timely Under 28 U.S.C. §1447**

Plaintiff contends that both individual defendants received actual notice by personal service on each of them, and that the "state agency" (referring to NMSP) received "actual notice by receipt by the head of the Las Cruces office of the New Mexico State Police."  Doc. 10 at 2. The exhibits

---

[1] The Supreme Court noted that the "service or otherwise" language in § 1446(b) did not do away with the requirement to serve the defendant, but was Congress's way to account for different state rules for filing or serving the summons and complaint. *Murphy*, 526 U.S. at 351-52; *Armijo v. Flansas*, No. 17-CV-665 WJ-JHR, 2017 WL 6001768, at *4 (D.N.M. Dec. 4, 2017). In New Mexico, where both the summons and complaint must be served simultaneously, the "or otherwise" language has no effect. *Id*.

3

attached to the Notice of Removal indicate that Defendant Frietz was personally served a copy of the summons and complaint on September 27, 2019 (Doc. 1-2 at 13) and Defendant Hernandez was personally served a copy of the summons and complaint on October 25, 2019 (*id.* at 17).[2] Plaintiff explains that "a second copy of the summons and complaint was delivered to Captain James Frietz, the person in charge of the Las Cruces office of the New Mexico State Police on September 27, 2019," obviously intending for that process to suffice as service on NMSP. (Doc. 10 at 1). On the return of service for "New Mexico State Police, Defendant," the process server checked a box indicating that "James Fritze" [sic], "Captain of NMSP" was provided a copy of the summons and complaint. Doc. 1-2 at 21. Based on these returns, Plaintiff claims that all parties had "actual notice" by late October 2019, making the March 11, 2020 Notice of Removal untimely by several months.

On February 10, 2020, Plaintiff mailed a copy of the Summons to the New Mexico Attorney General's Office regarding this litigation. Doc. 1-2 at 47-49. Defendants claim that Plaintiff mailed the summons but not the complaint. See Ex. C (Doc. 12-3 at 1) (internal memorandum, forwarded to the General Counsel to the New Mexico Attorney General by the Litigation Division). However, the Affidavit of Service signed by Plaintiff's process server states that he served a "Summons with a copy of Complaint, Jury Demand and Order Requiring Scheduling Reports" on the Office of the Attorney General in Santa Fe on February 10, 2020 and that it was "signed for . . . ." Doc. 1-2 at 49.

Defendants contend that NMSP has never been served in accordance with state law and that service on the individual defendants was incomplete until February 10, 2020.

    A.    <u>Service on NMSP Was Not Timely or Complete</u>

---

[2] There is some confusion about where the individual defendants were personally served. Defendants state that Plaintiff purported to serve all three Defendants with process "by dropping off the Complaint and Summonses at the local office of the New Mexico State Police Department" in Las Cruces. Doc. 12 at 3. However, the process server checked the box on the summons return indicating that Defendant Hernandez was served personally (Doc. 1-2 at 17) and Plaintiff claims Hernandez was served "at her home. . . ." Doc. 10 at 1. It does not matter where Hernandez was served, since personal service on the individual defendants alone was incomplete to be effective. *See* discussion, infra.

Plaintiff admits that NMSP is a state agency ("[t]he New Mexico State Police is an agency of the State of New Mexico." Doc. 1-1, ¶8 (Compl.). The NMSP is a division of the New Mexico Department of Public Safety ("DPS"), which in turn is an executive cabinet department of the State of New Mexico. NMSA 1978, §9-19-4 and §9-19-4(A) (2015); *see also Roybal-Mack v. New Mexico Dep't of Pub. Safety*, 286 F. Supp. 3d 1226, 1238 (D.N.M. 2017) (noting that DPS was statutorily created in the "executive branch" of state government, with various subdivisions within that department, including the NMSP). The administrative head of the department is the Secretary of Public Safety, who serves in the Governor's executive cabinet. NMSA 1978, § 9-19-5(A) (1987). The current Secretary of Public Safety for the State of New Mexico is Mark R. Shea.[3]

Under Fed. R. Civ. P 4(j), a state or local government entity that is subject to suit must be served by (a) delivering a copy of the summons and of the complaint to its chief executive officer or (b) serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant. Because this case originated in New Mexico state court, New Mexico rules of service apply, namely: NMSA 1978, §38-1-17 (1970) and Rule 1-004(H) NMRA.

To serve NMSP, which is an agency of the state, service must be made on "the head of the branch, agency, bureau, department, commission or institution **and** on the attorney general." Section 38-1-17(C) (emphasis added).[4] Service of process "on the Attorney General, agency, bureau, department or head thereof" may be made by handing a copy of the summons and

---

[3] *See* New Mexico Department of Public Safety, https://www.dps.nm.gov/index.php/public-information/dps-leadership (last accessed May 15, 2020). The Court must assume that Defendant NMSP, as a state agency, has consented to the jurisdiction of federal court and has waived any claim to Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constituted waiver of its Eleventh Amendment immunity); *see also Estes v. Wyoming Dept. of Transp.*, 302 F.2d 1200 (10th Cir. 2002) (state department of transportation's removal to federal court constituted a waiver of sovereign immunity) (citing *Lapides*).

[4] Defendant omits the phrase in the provision requiring service on the Attorney General as well. *See* Doc. 12 at 7.

complaint to him personally or to his receptionist, or to his head or chief operating officer. Section 38-1-17(H); Rule 1-004(H)(1)(e) NMRA. A **cabinet secretary**, a department, bureau, agency or commission director or executive secretary "shall be considered as the chief operating officer," *see* NMRA 1-004(H)(1)(e) (emphasis added), and an executive secretary is also "considered as the head," *see* § 38-1-17(H).

Plaintiff did not serve Cabinet Secretary Shea with process for NMSP at DPS's central office in Santa Fe under any of the options set out by New Mexico's statutes and rules. Nor does Plaintiff argue otherwise, since he has not filed a reply to Defendants' motion to remand. *See* D.N.M.LR-Civ. 7.1(b) (failure to serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete). Plaintiff's reliance on what may be characterized as "constructive" service of NMSP (that is, his process server's delivery of the summons and complaint to a local NMSP office) is misplaced under Supreme Court precedent, which holds that the formal service standard "gives no weight to the knowledge, presumptions, or constructive or actual notice of either party in relation to the triggering of the removal period." *Furness*, 2013 WL 3995258, at *3 (citing *Murphy Bros.,* 526 U.S. 344)).

Plaintiff served the New Mexico Attorney General's office on February 10, 2020, but because he did not serve Cabinet Secretary Shea, service on NMSP was not completed, and the removal period never started to run with regard to service upon NMSP. *See Armijo*, 2017 WL 6001768, at *2 (service was not proper under New Mexico law and removal period was not triggered where plaintiff served only the attorney general prior to removal, without also serving the defendant-employee) (citing *Trujillo v. Goodwin*, 116 P.3d 839, 840-41 (N.M. Ct. App. 2005), *superseded on other grounds by* amendment to Rule 1-004 NMRA (court did not have jurisdiction over defendant where plaintiff failed to deliver summons to both the department head *and* attorney

general as required by Section 38-1-17, even though defendant had actual notice of the complaint); *Perez v. Bank of Am., N.A.*, No. EP-13-CV-285-KC, 2013 WL 5970405, at *2 (W.D. Tex. Nov. 7, 2013) (thirty-day clock against defendant never began to run where it had never been properly served and, as a result, defendant was free to remove the case at any time).

In contrast, once Plaintiff served the New Mexico Attorney General's office on February 10, 2020, service *was* sufficient as to the individual defendants Frietz and Hernandez—which triggered the thirty-day removal period. The Court discusses this issue next.

B.     Service on Individual Defendants Was Not Completed Until February 10, 2020

Plaintiff is suing Defendants Frietz and Hernandez in their official as well as individual capacities. Compl., ¶¶ 6 & 7. This section of the Court's discussion focuses only on service related to these Defendants' individual capacities, since a suit against them in their official capacities is identical to a suit against NMSP. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1986) (an official capacity suit is treated as a suit against the state); *Griess v. Colo.*, 841 F.2d 1042, 1045 (10th Cir. 1988).

When suing a state official or employee, "service of process shall be made on the officer, official or employee and on the attorney general." Section 38-1-17(D); Rule 1-004(H)(1)(c). Defendants have no issue with personal service upon Defendants Frietz and Hernandez, which was done in September and October 2019, respectively. Service on the individual defendants alone, however, was not sufficient to trigger the 30-day removal period. It did not begin to run until Plaintiff served the Attorney General on February 10, 2020. Doc. 1-2 at 47-49; *see* Section 38-1-17(H) and Rule1-004(H)(1)(e) NMRA (governing service of process on attorney general). Defendant NMSP had the option to remove the lawsuit after Plaintiff completed service of process upon the individual officers, which occurred on February 10, 2020, when Plaintiff served the

Attorney General. *See Baumeister v. New Mexico Comm'n for the Blind*, 409 F.Supp.2d 1351, 1352 (D.N.M. 2006) ("The New Mexico Rules of Civil Procedure require that proper service on state agencies and employees includes **both** personal service on the head of the agency or employee and service on the attorney general") (emphasis added).  Defendant NMSP had the option to remove the lawsuit after Plaintiff completed service of process upon the individual officers, which occurred on February 10, 2020 when Plaintiff served the Attorney General. Thus, Defendants' removal of this case on March 11, 2020 was not untimely.

**II.     Requests for Attorney's Fees**

Plaintiff asks that the Court award him attorney's fees for the time his counsel expended in researching the motion for remand.  An order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c).  In light of the Court's denial of the Plaintiff's motion for remand, Plaintiff has no grounds to seek an attorney's fee award.

Defendants not only oppose the request, they also ask that the Court order Plaintiff's counsel to pay their reasonable attorney's fees for being required to respond to Plaintiff's "frivolous and vexatious motion" pursuant to 28 U.S.C. §1927.  Doc. 12 at 13-14.

28 U.S.C. §1927 provides that "[a]ny attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted. *Steinert v. Winn Group, Inc*., 440 F.3d 1214, 1221 (10th Cir. 2006). An attorney's actions are measured under the standard of objective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (*en banc*). The Court also has the inherent right to manage its own proceedings. It has

authority under its own inherent powers to deter frivolous and abusive litigation and promote justice and judicial efficiency by imposing monetary sanctions. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (recognizing the well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices).

The record before the Court suggests that Defendants have a viable claim for sanctions against Plaintiff's counsel under 28 U.S.C. §1927. Had Plaintiff's counsel spent half the time perusing the federal and state rules of service as he did "researching" the instant motion, he would have quickly discovered that his service on Defendants was deficient or incomplete as a matter of law and thus, Defendants' removal was timely. Such cavalier conduct easily constitutes recklessness or an indifference to the law. Circumstances also suggest that Plaintiff's counsel knew that he had failed to properly serve Defendants at the time he filed the motion for remand. Defendants previously filed a motion to dismiss on March 18, 2020, in part seeking dismissal based on insufficient service. Stated another way, Plaintiff's counsel had notice of specific service insufficiencies *before* he filed the motion for remand. However, instead of responding to the motion to dismiss (which is still pending for ruling, without a response), on April 7, 2020, Plaintiff's counsel filed the motion for remand. Moreover, the fact that he first served the individual Defendants in the fall of 2019 and did not serve the Attorney General until February 2020 strongly suggests that Plaintiff's counsel knew he had not effectuated proper service of process prior to that time.

That said, at this time the Court denies Defendants' motion for sanctions pursuant to 28 U.S.C. §1927; however, such denial is without prejudice to Defendants seeking sanctions against Plaintiff's counsel under 28 U.S.C. §1927 by filing a separate motion to which Plaintiff's counsel can file a response. In this case, the Court prefers to consider a request for sanctions in a separate motion instead of having a request for sanctions part of another motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (**Doc. 10**) and his request for attorney's fees are **DENIED** for the above-stated reasons.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions against Plaintiff's counsel under 28 U.S.C. §1927 is **DENIED WITHOUT PREJUDICE** at this time for the above-stated reasons.

_____
CHIEF UNITED STATES DISTRICT JUDGE