## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

JAMES PASCHALL,

     Plaintiff,

vs.                                                                          No. 20-cv-221 WJ/GBW

CAPTAIN JAMES FRIETZ, OFFICER JACQUELINE
HERNANDEZ, and NEW MEXICO STATE POLICE,

     Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' FIRST MOTION
## FOR PARTIAL DISMISSAL OF PLAINTIFF'S §1983 CLAIMS
## and
## ALLOWING PLAINTIFF TO AMEND COMPLAINT WITHIN 30 DAYS

THIS MATTER comes before the Court upon Defendants' First Motion for Partial Dismissal of Plaintiff's Claims Under 42 U.S.C. §1983, filed March 18, 2020 **(Doc. 4).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

## BACKGROUND

On July 26, 2019, Plaintiff filed a complaint in the Third Judicial District Court, County of Dona Ana in Las Cruces, New Mexico, alleging that Defendants violated his rights under "the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New Mexico." Doc. 1-1. Defendants removed the case to federal court on March 11, 2020 based on federal question jurisdiction.[1] Plaintiff claims that Defendants Frietz and

---

[1] The Court assumes that Defendant's removal to federal court waives any assertion of Eleventh Amendment immunity. *See* Doc. 16 at 5, n.3; *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constituted waiver of its Eleventh Amendment immunity); *Estes v.*

Hernandez, both New Mexico State Police ("NMSP") officers, falsely imprisoned him at the Las Cruces State Police office when he presented himself for an appointment to renew the registration for his Ford truck and kept him there eight hours even after he had presented all the necessary registration documents. The complaint further alleges that Defendant Frietz told Plaintiff he intended to keep his truck "for his department" and that Plaintiff would "never see his vehicle again." Compl., ¶¶16-18.  When Plaintiff was finally allowed to drive back to his residence, Defendant Hernandez entered Plaintiff's home and used her lapel camera to record the interior of the residence, without Plaintiff's consent.  *Id.*

Plaintiff filed a motion to remand on April 7, 2020, claiming that Defendants' removal was untimely.  Doc. 10.  The Court denied the motion, finding that Plaintiff never served Defendant NMSP under the applicable rules of service and that Defendant's removal was timely.  Doc. 16.

In this motion, Defendants seek dismissal of the NMSP under Fed.R.Civ.P.12(b)(5) and 12(b)(6); dismissal of Plaintiff's *Monell* claims, and dismissal of Defendants Hernandez and Frietz in their official capacities.  Plaintiff has not filed a response to the motion.  Under this Court's local rules, a party's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ.7.1(b). However, when considering dismissal under Rule 12(b)(6)—even where a party has not complied with the local rule by filing a response—a court is obliged to still examine the allegations in a plaintiff's complaint in order to determine whether plaintiff has stated a claim upon which relief can be granted.  *See Issa v. Comp USA,* 2003 WL 23010402 (10th Cir. 2003) (citing cases from other circuits finding that district court erred in granting defendants' motion to dismiss under Rule

---

*Wyoming Dept. of Transp*., 302 F.2d 1200 (10th Cir. 2002) (state department of transportation's removal to federal court constituted a waiver of sovereign immunity) (citing Lapides).

12(b)(6) where dismissal was based solely on plaintiff's failure to file response to motion to dismiss). Accordingly, the Court considers the merits of Defendants' motion.

## DISCUSSION

Under Fed. R. Civ. P. 12(b)(5), a complaint may be dismissed for insufficient service of process by the plaintiff. "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka,* 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of "establishing the validity of service of process" is on the plaintiff. *FDIC v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Upon a showing of insufficient service of process, Rule 12(b)(5) of the Federal Rules of Civil Procedure provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process. *See Sampath v. Concurrent Techs. Corp*., 227 F.R.D. 399, 401 (W.D. Pa. 2005). Quashing insufficient service is generally the preferred course of action where there is a reasonable prospect that the defendant can be properly served with sufficient process in a second attempt. *See Pell v. Azar Nut Co*., 711 F.2d 949, 950 n.2 (10th Cir. 1983); *Carrasco v. New Mexico Dep't of Workforce Sols.*, No. 10-CV-999-MCA-WPL, 2011 WL 13289696, at *2 (D.N.M. Aug. 10, 2011)

Under Fed. R. Civ. P. 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion, the Court accepts as true all well-pled factual allegations in the complaint, viewing those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-movant's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), cert. denied, 130 S. Ct. 1142 (2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing the sufficiency of the plaintiff's complaint under threat of a 12(b)(6) motion, while the Court must take all well-pleaded factual allegations as true, the plaintiff's "conclusory allegations" are not taken as true. *See Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002).

## I.      Dismissal of NMSP Under Rule 12(b)(5)

Defendants contend that Defendant NMSP should be dismissed for untimely and incomplete service.

The Court has addressed this issue in its previous Memorandum Opinion and Order in the context of timeliness of removal, *see* Doc. 16, and so the Court did not have to decide whether to quash service of process or dismiss the complaint.  Since the Court will be dismissing Plaintiff's §1983 claims against NMSP, there is no reason for Plaintiff to re-attempt service.

## II.      Dismissal of NMSP Under Rule 12(b)(6)

Defendants seek dismissal of NMSP on the ground that it is not a "person" for purposes of §1983.  "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ross v. The Bd. of Regents of The Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010).

Plaintiff admits that NMSP is a state agency ("[t]he New Mexico State Police is an agency of the State of New Mexico." Doc. 1-1, ¶8 (Compl.). The NMSP is a division of the New Mexico Department of Public Safety ("DPS"), which in turn is an executive cabinet department of the State of New Mexico. NMSA 1978, §9-19-4 and §9-19-4(A) (2015). This means that as a subdivision

or arm of the state, DPS (and the inclusive NMSP) cannot be sued under §1983. *See Roybal-Mack v. New Mexico Dep't of Pub. Safety*, 286 F. Supp. 3d 1226, 1239 (D.N.M. 2017) (concluding that the  DPS is an "arm of the state" and therefore cannot be sued as "persons" under § 1983 and must be dismissed from this lawsuit); *Ross v. The Bd. of Regents of The Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010) (where lawsuit named agencies of the State of New Mexico and state employees in their official capacities, district court was correct in holding that plaintiffs failed to state a constitutional claim upon which relief can be granted).[2]

Because DPS is considered an arm of the state and is not a "person" under §1983, Plaintiff's §1983 claims against NMSP shall be dismissed for failure to state a claim.

## III.    Plaintiff's *Monell* Claim

Under *Monell v. Dep't of Social Servs. Of City of New York,* a municipality cannot be held liable under § 1983 on a respondeat superior theory. 436 U.S. 658, 691 (1978). Instead, it is only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id.* at 694. Supreme Court rulings after *Monell* "required a plaintiff to show the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

The complaint is silent as to whether Plaintiff alleges a *Monell* claim, but such a claim may not proceed because it is a §1983 claim asserted against an arm of the state and must be dismissed under established precedent. *See Hernandez v. State of N.M.*, 64 F.3d 669 (10th Cir. 1995) (". . .

---

[2] *See also Krebs v. El Dorado Corr. Facility,* 673 F. App'x 891 (10th Cir. 2016) (facilities were not "persons" subject to suit under § 1983); *Black–Hosang v. Ohio Dept. of Public Safety*, 96 Fed.Appx. 372 (6th Cir. 2004) (noting in dicta that the Ohio Department of Public Safety was immune from suit under § 1983); *Reiger v. Kansas Pub. Employees Ret. Sys*., 755 F. Supp. 360, 361 (D. Kan. 1990) (noting that although *Will* did not expressly mention state agencies in its holding, the Court's reasoning would appear to logically extend to state agencies, which are deemed mere arms of the state).

although local governments are considered 'persons' that may be held liable for violating 42 U.S.C.1983 . . . the Supreme Court has held that "a State is not a 'person' within the meaning of 1983 . . . .") (citing *Will v. Michigan Dep't of State Police,* 491 U.S. at 65 and *Monell,* 436 U.S. at 690).

## IV.    Dismissal of Individual Defendants in Their Official Capacity

Defendants Frietz and Hernandez are being sued in their individual and official capacities. Compl., ¶¶6 & 7.  Defendants contend that Plaintiff cannot maintain his §1983 claims against these two Defendants in their official capacities.

An official capacity suit is treated as a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Griess v. Colorado,* 841 F.2d 1042, 1045 (10th Cir. 1988) (". . . it is by now well settled that a judgment against a public servant in his official capacity imposes liability not on the particular servant in office, but on the governmental entity the office represents") (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)).  Therefore, Plaintiff's §1983 claims asserted against Defendants Frietz and Hernandez in their official capacities must be dismissed.

## V.    Dismissal of NMSP and Official Capacity Claims from Lawsuit

The complaint alleges a set of facts describing why Plaintiff feels that his rights have somehow been violated, but Plaintiff makes no attempt bring these facts within specific legal theories or claims.  The complaint states that Plaintiff's claims are "brought pursuant to 42 USC 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New Mexico . . . ." Doc. 1-1 at 1. However, on page 6 of the complaint, the only claims actually listed are what appears to be §1983 claims brought under the First, Fourth and Fourteenth Amendments:

- Freedom from the unreasonable seizure of his person;
- Freedom from unlawful arrest and detention;
- Freedom of speech; and
- Due Process of law.

Doc. 1-1 at 6.

Other than Plaintiff's sole reference to claims brought "under the laws of the State of New Mexico, there are no state law claims actually asserted in the complaint and no allegations suggesting any material elements for any state law claims.  *See Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").  Thus, dismissal of Plaintiff's §1983 claims against NMSP is, in effect, a dismissal of NMSP and the official capacity claims from this lawsuit.

In the event Plaintiff wishes to amend the complaint to be more specific as to whether he is asserting claims other than §1983 against Defendants, he may file a motion seeking to amend the complaint according to the federal and local rules of this Court within thirty (30) days of the entry of this Memorandum Opinion and Order.  *See, e.g., Amaro v. New Mexico*, ___ Fed. Appx. __ 2018 WL 2986635, at *3 (10th Cir. 2018) (district court should have granted leave to amend where complaint could be amended to include required specificity).  The Court expects that, should Plaintiff be granted leave to file an amended complaint, Plaintiff's amendments will eliminate the need for either the Court or defense counsel to second-guess the claims being asserted in this case.

## CONCLUSION

In sum, the Court finds and concludes that:

(1) Plaintiff's §1983 claims against NMSP shall be dismissed from the case because DPS (and therefore NMSP) is considered an arm of the state and is therefore not a "person" under §1983;

(2) To the extent Plaintiff is alleging a *Monell* claim, such a claim must also be dismissed because it would be a §1983 claims asserted against an arm of the state; and

(3) Plaintiff's §1983 claims asserted against Defendants Frietz and Hernandez in their official capacities must be dismissed because such claims are treated as §1983 claims asserted against a governmental entity;

(4) Because the complaint does not assert any claims other than federal claims under §1983 against Defendants, dismissal of Plaintiff's §1983 claims against Defendants would effectively means dismissal of Defendant NMSP and the official capacity claims asserted against Defendants Frietz and Hernandez.

**THEREFORE,**

**IT IS ORDERED** that Defendants' First Motion for Partial Dismissal of Plaintiff's Claims Under 42 U.S.C. §1983 (**Doc. 4**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that the Court's dismissal of Plaintiff's §1983 claims against NMSP and the official capacity claims is, in effect, a dismissal of NMSP from the lawsuit because the complaint does not assert any facts supporting any state law claim.  **Should Plaintiff wish to amend the complaint to be more specific as to whether he is asserting claims other than §1983, he may file a motion seeking to amend the complaint according to the federal and local rules within thirty (30) days of the entry of this Memorandum Opinion and Order. Failure to timely file a motion to amend will automatically result in this Order operating as an Order dismissing NMSP and Defendants Frietz and Hernandez in their official capacities from this lawsuit.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

8